UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERVIN RUSSELL SIMS,

              Petitioner,              Case No. 1:10-cv-734

v.                                            Honorable Janet T. Neff

DEBRA SCUTT,

              Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it is an abuse of the writ.

**Factual Allegations**

Petitioner Ervin Russell Sims presently is incarcerated at the G. Robert Cotton Correctional Facility. He currently is serving three terms of life imprisonment, imposed by the Van Buren County Circuit Court on December 21, 1982, after Petitioner was convicted by a jury of three counts of first-degree murder, MICH. COMP. LAWS § 750.316. According to the habeas application, Petitioner appealed his convictions to both the Michigan Court of Appeals and the Michigan Supreme Court. The court of appeals affirmed the convictions, and the supreme court denied leave to appeal. Petitioner, however, no longer recalls which issues were raised or the dates of those decisions.

Petitioner subsequently filed three habeas actions in the Eastern District of Michigan during 1988. *See Sims v. Hackel*, No. 2:88-cv-74527 (E.D. Mich.) (filed Nov. 15, 1988); *Sims v. Hackel*, No. 2:88-cv-74525 (E.D. Mich.) (filed Nov. 15, 1988); *Sims v. Hackel*, No. 1:88-cv-72370 (E.D. Mich.) (filed June 8, 1988). At least two of those decisions appear to have been addressed on the merits. *See Sims v. Hackel*, Case No. 2:88-cv-74525 (Mem. Op. & J. June 29, 1989); *Sims v. Hackel*, No. 2:88-cv-74527 (Mem. Op. & J. June 12, 1989). The instant habeas application was filed on or about July 27, 2010.[1]

**DISCUSSION**

Petitioner filed more than one prior habeas petition that was denied on the merits. If Petitioner's earlier habeas actions had been filed after April 24, 1996, the effective date of the

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on July 27, 2010, and it was received by the Court on July 29, 2010. Thus, it must have been handed to prison officials for mailing at some time between July 27 and 29. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA), the instant petition would be subject to "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Under that provision, before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2)).

However, when, as here, the prior habeas action was filed before the 1996 enactment of the AEDPA, the second or successive provision does not apply. *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Rather, this Court must consider whether the second or successive petition would have survived under the pre-AEDPA "abuse of the writ" standard. *Id.* That standard does not require authorization from the court of appeals. *Id.*

A habeas petition may be seen as an abuse of the writ of habeas corpus if the petitioner raises a claim in a subsequent petition that he could have raised in an earlier petition. *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). The "abuse of the writ" standard "allows a second motion containing a new claim where the inmate can 'show cause for failing to raise [the issue in the first motion] and prejudice therefrom.'" *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997) (quoting *McCleskey*, 499 U.S. at 494), *cited in Cress*, 484 F.3d at 852. In making the cause determination, the habeas court must decide "whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process." *McClesky*, 499 U.S. at 498. To show cause, a petitioner must demonstrate that, at the time he filed his first habeas petition, he conducted "a reasonable and

diligent investigation aimed at including all relevant claims and grounds for relief . . . ." *Id.* In order to show prejudice, a petitioner must demonstrate that the alleged constitutional error had a "'substantial and injurious effect or influence in determining the jury's verdict.'" *Tolliver v. Sheets*, 594 F.3d 900, 924 (6th Cir. 2010) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

Petitioner cannot show cause for failing to raise his claims in his first petition. In his current habeas application, Petitioner raises the following three grounds for relief, verbatim:

I. THE COURT DID WILLFULLY SUPPRESS ALL EXCULPATORY EVIDENCE VITAL TO THE DEFENCE [sic].

II. INEFFECTIVE ASSISTANCE OF COUNSEL BEFORE, DURING, AND AFTER TRIAL.

III. THAT PETITIONER/CITIZEN WAS DENIED HIS LIFE, LIBERTY, AND PROPERTY WITHOUT DUE PROCESS, AND THE EQUAL PROTECTION OF THE LAW BECAUSE OF RACE AND ASSOCIATION UNDER PRETENCE OF CRIME.

(Pet. at 6-9, Page ID ##6-9.) The facts alleged under each of these claims clearly demonstrate that all three claims involved evidence known to Petitioner at the time he filed his first petition. Under his first habeas ground, Petitioner complains that a police report, which showed that the original investigating officers had concluded that Petitioner was innocent, was not produced. He also alleges that the doctor who was called to impeach the government's witnesses was not permitted to contact or examine Petitioner. Petitioner states that he did not raise the claim on direct appeal because his appellate counsel ignored his wishes and focused on non-exculpatory claims on appeal. By his own admission, therefore, Petitioner was aware of the basis of his first habeas ground at the time of his direct appeal, long before he filed his first habeas petition.

In his second ground, Petitioner alleges that both trial and appellate counsel were ineffective in the way they pursued Petitioner's defense and appeal, ignoring Petitioner's claims of

actual innocence. Again, Petitioner claims that he did not raise a claim of ineffective assistance on direct appeal because appellate counsel failed to develop the facts and focused the appeal on non-exculpatory issues, contrary to Petitioner's stated wishes. In other words, Petitioner acknowledges that he was fully aware of both trial and appellate counsel's alleged failures before he filed his first habeas petition.

Finally, in his third ground, Petitioner complains that he was denied due process and equal protection by a biased arson investigation. Petitioner's allegations focus on information available to Petitioner at trial, and he again states that appellate counsel ignored his wishes by neglecting to raise the issue on appeal. He therefore fails to show cause why he could not have raised his claim in his first habeas petition.

Because the petition amply demonstrates that Petitioner was aware of the facts underlying his current habeas grounds at the time he filed his first habeas petition, he cannot show cause for any failure to raise those grounds in the first petition. Therefore, the instant petition constitutes an abuse of the writ, and it will be dismissed.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 as an abuse of the writ.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination

that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where the court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: September 23, 2010         /s/ Janet T. Neff
                                  Janet T. Neff
                                  United States District Judge